OPINION OF THE COURT
Meyer, J.
Notwithstanding the amendments of the Federal Highway Beautification Act of 1965 (US Code, tit 23, § 131) made by the Surface Transportation Assistance Act of 1978 (Pub L 95-599, § 122 [a], [b]), compensation need not be paid by a municipality which requires removal of outdoor advertising signs, provided a reasonable amortization period is allowed by the removal ordinance. As applied to petitioners the amortization provision of Building Zone Ordinance No. 26 of the Town of Southampton is not unreasonable. The order of the Appellate Division should, therefore, be affirmed.
I
By Ordinance No. 26, enacted in May, 1972, the Town of Southampton provided for the removal of nonconforming outdoor advertising billboards on or before June 1, 1975, but gave an owner the opportunity to apply to the town board for an extension of the amortization period prescribed by the ordinance (§ 3-110-70.04). In declaratory judgment actions the present petitioners sought to have *74 the ordinance held unconstitutional. In Suffolk Outdoor Adv. Co. v Hulse (43 NY2d 483, app dsmd 439 US 808) we held that Ordinance No. 26 did not violate the First Amendment’s speech provision and was a valid exercise of the police power, and that neither the Federal Highway Beautification Act nor the co-ordinate provisions of New York’s Highway Law (§ 88) precluded removal of billboards without compensation. We declined to pass upon the reasonableness of the amortization provisions of the ordinance, however, because petitioners had failed to exhaust their administrative remedies by applying to the town board for an extension of the amortization period.
The Surface Transportation Assistance Act of 1978, enacted by Congress not long after that decision, amended subdivisions (g) and (k) of section 131 of the United States Code, among other provisions. Subdivision (k), which had previously read: “Nothing in this section shall prohibit a State from establishing standards imposing stricter limitations with respect to signs, displays, and devices on the Federal-aid highway systems than those established under this section” was amended by the insertion of a new opening clause reading “Subject to compliance with subsection .(g) of this section for the payment of just compensation,” and subdivision (g), which had previously read: “Just compensation shall be paid upon the removal of any outdoor advertising sign, display, or device lawfully erected under State law”, was amended by the insertion at its end of the words “and not permitted under subsection (c) of this section, whether or not removed pursuant to or because of this section.”
In January, 1979, petitioners applied to the town board for extension of the amortization period under the ordinance. Their applications were denied by that body after public hearings. As to petitioner Suffolk Outdoor Advertising Co., Inc., the town board determined that it purchased its billboards in 1965 at an average cost of $610 and at a rate of $100 per year the construction cost was amortized in 1971. As to petitioner Collum Signs, Inc., the town board determined that the applicant did not establish the construction cost of its billboards but that, at a rate of $100 per year, its investment was fully amortized prior to 1972. *75 Each petitioner conceded that its investment had been fully recovered, that it had made a substantial profit, and that its billboards had been substantially depreciated for tax purposes. The town board determined that each petitioner’s loss of future profits was outweighed by the public gain.
Petitioners then brought the instant proceedings to review those determinations. Supreme Court held that collateral estoppel foreclosed all substantive issues other than the reasonableness of the amortization provision as applied and the applicability of the 1978 amendments of the Federal statute. Finding the town board’s amortization determination supported by substantial evidence and the Federal statute as amended not preemptive, Special Term confirmed the determination and dismissed the petition. The Appellate Division affirmed (88 AD2d 601) for essentially the same reasons.
Before us petitioners argue that notwithstanding the provision of subdivision 9 of section 88 of the Highway Law, compensation must be paid pursuant to the above-detailed 1978 amendments of the Federal statute and that, therefore, the amortization provision of the ordinance is no longer valid. Alternatively, they contend that as applied to them the amortization provision of the ordinance works an unconstitutional taking. We disagree with both contentions and, therefore, affirm.
II
Neither Federal nor State law preempts the right of the Town of Southampton in the exercise of its police power to require removal of billboards of the type dealt with by the town ordinance. The State Highway Law is explicit in its provision (§ 88, subd 9) that “Nothing in this section shall be construed to abrogate or affect the provisions of any other, statute, lawful ordinance, regulation pursuant thereto or resolutions which are more restrictive than the provisions of this section or the agreement ratified and approved by this section.” We held in Suffolk Outdoor Adv. Co. v Hulse (supra, at p 491) that in light of that provision and the amortization provisions of the ordinance further compensation was not required. Unlike the Federal statute, subdivision 9 has not since been amended to require *76 the payment of compensation.[1] In the absence of specific amendment of subdivision 9, we cannot read section 85 of the Highway Law, in which the Legislature declares its intent to comply with the Federal aid highway acts and pledges the State’s good faith to provide its share of the cost of so doing, as adopting any and all later enacted amendments of the Federal act (cf. NY Const, art III, § 22). In short, as a matter of State law, amendment of the Federal statute works no change in State statute or in our prior holding that petitioners are entitled to no more than a reasonable amortization period.
Nor does the Federal Highway Beautification Act, as amended, preempt the town’s power to require commercial billboard removal without compensation, provided a reasonable amortization period is allowed. The Federal act is a taxing and spending measure enacted pursuant to the general welfare clause of the United States Constitution (art I, § 8, cl 1). It does not forbid removal of signs through amortization; at most it withholds highway aid from, a State which does not pay compensation.[2] The State remains free to refuse to do so and to accept the penalty (National Adv. Co. v City of Ashland, Ore., 678 F2d 106, 108; see State of South Dakota v Adams, 506 F Supp 50, 54-58, affd sub nom. State of South Dakota v Goldschmidt, 635 F2d 698, cert den sub nom. State of South Dakota v Lewis, 451 US 984; Markham Adv. Co. v State of Washington, 73 Wn 2d 405, app dsmd 393 US 316).[3]
Ill
Petitioners’ alternative contention stands them in no better stead. Under the criteria established in Modjeska *77 Sign Studios v Berle (43 NY2d 468, app dsmd 439 US 809), the amortization period was reasonable as applied to their billboards for, as the Appellate Division noted (88 AD2d, at p 601), they had “fully recouped their investments, substantially depreciated their billboards for income tax purposes, had relatively insubstantial lease and license obligations and, thus, would not incur any substantial financial loss”. Nor with respect to benefit-burden analysis can it be said that the town board’s conclusion that the public benefit from removal of the billboards outweighs the detriment to petitioners is arbitrary or capricious (cf. Metromedia, Inc. v San Diego, 453 US 490, 508-512).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Simons and Kaye concur.
In each case: Order affirmed, with costs.

. Cf. Metromedia, Inc. v City of San Diego (26 Cal 3d 848, 871 ff, revd on other grounds 453 US 490). An amendment of the General Municipal Law that would have required the payment of just compensation for all billboards (whether or not within the Federal 660-foot zone) required by local law, ordinance or resolution to be removed (S2531-A, A3234/1983) was passed by the Legislature but vetoed on July 21,1983 by the Governor.

. The town argues that a condition of withholding is that funds be available for the Federal share of billboard removal and that such funds are not available to New York municipalities (US Code, tit 23, § 131, subd [g]). In view of our conclusion concerning Federal preemption, we do not reach that question.

. The Federal Highway Administration of the United States Department of Transportation agrees with that interpretation of the Federal law. Its Highway Beautification Program Digest (April 30, 1979) states: “The States must insure local adherence to Federal law or risk noncompliance and be subjected to the penalty provisions of 23 U.S.C. 131(b)” (Digest, p 44; see, also, pp 46, 49).