OPINION OF THE COURT
Matthew F. Coppola, J.
This matter is submitted for determination on an agreed statement of facts as hereinafter outlined. Effective September 1, 1967, the Town Board of the Town of Carmel enacted the “Town of Carmel Zoning Ordinance” (ordinance). This ordinance established zoning districts and set forth the location and use of commercial and residential buildings, structures and lands. Ordinance § 323 as amended on July 8,1964, provided as accessory uses under “Planned Business District” the following: “One business sign on a wall facing a street for each tenant but not including lighting along building lines, billboards or other advertising signs.” Zoning Ordinance § 386.2 as amended on July 9,1964 provided as follows: “Any such pre-existing sign in nonresidential zones shall be removed or altered to compliance with sign controls within two years of the adoption of such sign control ordinance.” Zoning Ordinance § 63-11A (1) (d) as amended on July 9, 1982 provided as follows:
“The following types of signs are prohibited:
“(5) Billboards advertising products or services other than those dispensed at the structure and location on which the billboard is located.”
This ordinance, then, had the effect of banning billboards within the Town limits except for those which advertised products for services dispensed at the location where the billboard *1066 was located. All other billboards were to be removed within two years of the effective date of the ordinance.
The defendant, Suburban Outdoor Advertising Co., Inc., has three billboard structures with five faces currently located within the Town of Carmel and at locations not falling within those prescribed by the ordinance. The plaintiff Town of Carmel brings this proceeding to compel their removal “Suburban” defends on the basis that the ordinance in question is unconstitutional as violative of US Constitution 1st Amendment in that it infringes on freedom of speech by subordinating noncommercial speech to commercial speech.
The defendant contends further that the ordinance is constitutionally vague as it leaves the determination of permissible speech to the subjective judgment of Town officials. Suburban urges that the case of Metromedia, Inc. v San Diego (453 US 490 [1981]) involved a similar statute and is dispositive of the issues raised herein.
In the Metromedia case, the City of San Diego passed an ordinance which permitted on-site commercial advertising but forbade other commercial advertising and noncommercial advertising using fixed-structure signs. A divided court held that while the government had a legitimate interest in controlling the noncommunicative aspects of billboards, the courts are required to reconcile the government’s regulatory interest with the individual’s right to expression. The court held that the fact that the City might value commercial messages relating to on-site goods and services more than it values commercial communications relating to off-site commercial speech does not justify prohibiting on-site occupants from displaying their ideas or those of others. Simply stated the court held that it was an unconstitutional infringement on an individual’s right to freedom of expression to prohibit an on-site occupant from displaying a message other than that relating to goods and services dispensed at that location. The Town of Carmel urges that municipalities have the authority to regulate billboards and this can be done for purposes of protecting the public health or safety or indeed, for aesthetic purposes alone. I have no argument with this contention. The law is well settled in this regard. However, when enacting statutes to deal with this problem, a municipality must do so in a manner which does not infringe on an individual’s 1st Amendment rights as those rights have been enunciated by the Supreme Court. In my view, it is clear that Town of Carmel Zoning Ordinance §§ 386.2 and 63-11A (1) (d) *1067 run afoul of Metromedia, Inc. v San Diego (supra), and accordingly, it is the decision of this court that they are unconstitutional and thereby unenforceable. Under the circumstances, the complaint is dismissed, without costs.