Town of Carmel, Appellant, v Suburban Outdoor Advertis-
ing Co. et al., Respondents.

Second Department, April 13, 1987

## APPEARANCES OF COUNSEL

*William D. Spain, Jr., Town Attorney,* for appellant.

*Reich & Reich (Lawrence R. Reich* and *John J. Philbin* of counsel), for Suburban Outdoor Advertising Co., Inc., respondent.

## OPINION OF THE COURT

Per Curiam.

The principal question raised on this appeal is whether certain provisions of the Town of Carmel Zoning Ordinance and the Town Code of the Town of Carmel, which impose substantial restrictions on outdoor advertising displays, are a valid exercise of the municipality's police power, or are unconstitutional in that they reach too far into the realm of protected speech.

On September 1, 1962, the Town of Carmel (hereinafter the town) enacted a zoning ordinance which, *inter alia,* established zoning districts and provided for the location and use of commercial and residential structures. On July 8, 1964, the ordinance was amended to provide for the following as accessory uses for "Planned Business District[s]" under Town of Carmel Zoning Ordinance § 323: "One business sign on a wall facing a street for each tenant, but not including lighting along building lines, billboards or other advertising signs". Town of Carmel Zoning Ordinance § 386.2 as amended on July 8, 1964, provides as follows: "Any such pre-existing sign in non-residential zones shall be removed or altered to compliance with sign controls within two years of the adoption of such sign control ordinance".

On July 9, 1982, the town enacted comprehensive regulations concerning outdoor signs, embodied in Town Code chapter 63, which, in substance, (1) permit signs advertising products or services available on the property where the sign is located, (2) prohibit billboards and other outdoor displays advertising products or services produced or offered elsewhere, and (3) prohibit noncommercial advertising in all districts, with specific exceptions. Thus, an owner or occupant of property may advertise his own products or services, but is barred

from advertising the products or services of others and most noncommercial messages.

The defendant Suburban Outdoor Advertising Co. (hereinafter Suburban) is the owner of outdoor advertising displays located in the commercial districts of the town which carry both commercial and noncommercial messages. With regard to commercial messages, it claims that these generally involve the advertisement of products or services available away from the site of its displays. Suburban contends that the enforcement of the ordinance and the applicable provisions of the code will effectively eliminate the outdoor advertising business in the town. Further, it maintains that the ordinance and the applicable provisions of the code impermissibly distinguish between permissible and impermissible noncommercial signs by reference to their content, taking the regulations out of the domain of valid time, place and manner restrictions. This claim is based upon various provisions of the ordinance and the code which list, as outside the general prohibitions, signs such as those of any political party or candidate, signs advertising public events conducted by a public agency or for the benefit of a charitable or religious cause, and signs carrying official notices posted by a public official.

The town contends that the subject ordinance and code provisions were enacted pursuant to its police power to promote the public safety and welfare, and to improve the aesthetic appearance of the town. The town commenced this action to compel Suburban to remove certain billboards which it claims have been maintained in violation of Town of Carmel Zoning Ordinance § 386.2, in effect since 1964, which requires the removal of nonconforming signs within two years of the adoption of that ordinance.

The applicable provisions of the town's ordinance and code are strikingly similar to those enacted by the City of San Diego which were at issue in *Metromedia, Inc. v San Diego* (453 US 490). As the Supreme Court stated in that case: "[I]nsofar as it regulates commercial speech the San Diego ordinance meets the constitutional requirements of *Central Hudson [Gas & Elec. Corp. v Public Serv. Commn.,* 447 US 557] * * * It does not follow, however, that San Diego's general ban on signs carrying noncommercial advertising is also valid under the First and Fourteenth Amendments. The fact that the city may value commercial messages relating to onsite goods and services more than it values commercial communications relating to offsite goods and services does not

justify prohibiting an occupant from displaying its own ideas or those of others * * * Because some noncommercial messages may be conveyed on billboards throughout the commercial and industrial zones, San Diego must similarly allow billboards conveying other noncommercial messages throughout those zones" *(Metromedia, Inc. v San Diego, supra,* at 512, 515).

Contrary to the town's contention on this appeal, the ordinance and code provisions involved in this case are not analogous to that of the Town of Southampton ordinance held valid in the case of *Suffolk Outdoor Adv. Co. v Hulse* (43 NY2d 483, *mot to amend remittitur denied* 43 NY2d 951, *appeal dismissed* 439 US 808). The Southampton ordinance is clearly distinguishable from the ordinance and code provisions at bar in that it merely prohibited offsite billboard advertising, without any restrictions on a broad range of noncommercial advertising as do the applicable provisions of the ordinance and code at issue in this case.

Relying upon the Supreme Court's decision in *Metromedia, Inc. v San Diego (supra),* the court in this case dismissed the complaint, holding that certain sections of the town's zoning ordinance and the town code regulating outdoor signs are unconstitutional and unenforceable (128 Misc 2d 1065). We agree with this determination insofar as the provisions of the ordinance and code concerning the regulation of outdoor signs restrict those signs which contain noncommercial speech. However, the court should have undertaken a thorough review of all of the provisions of the Town of Carmel Zoning Ordinance and the Town Code of the Town of Carmel concerning the regulation of outdoor signs, and should have invalidated only those specific portions of the applicable provisions of the ordinance and code which restrict outdoor signs containing noncommercial speech, which we have determined to be unconstitutional and unenforceable. Accordingly, we remit the matter to the Supreme Court, Putnam County, for a declaration of which specific portions of the provisions of the Town of Carmel Zoning Ordinance and the Town Code of the Town of Carmel concerning the regulation of outdoor signs unconstitutionally restrict those outdoor signs containing noncommercial speech.

THOMPSON, J. P., LAWRENCE, KUNZEMAN and SULLIVAN, JJ., concur.

Ordered that the order is reversed, on the law, without costs

or disbursements, it is declared that only those provisions of the Town of Carmel Zoning Ordinance and the Town Code of the Town of Carmel which restrict outdoor signs containing noncommercial speech are unconstitutional and unenforceable, and the matter is remitted to the Supreme Court, Putnam County, for a determination in accordance herewith of which specific portions of the provisions of the Town of Carmel Zoning Ordinance and the Town Code of the Town of Carmel concerning the regulation of outdoor signs unconstitutionally restrict outdoor signs containing noncommercial speech.