Requestor: Paul T. Kellar, Esq., Town Attorney Town of Shandaken 14 Pearl Street, U.P.O. 3536 Kingston, New York 12401
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a zoning enforcement officer may be authorized to require the removal of billboards advertising products which are no longer sold at the premises where the signs are located or advertising services no longer available at the premises. We presume that your underlying concern is the validity of a local law that would prohibit such billboards and require their removal.
In Metromedia, Inc. v City of San Diego, 453 U.S. 490 (1981), a local sign ordinance was attacked on the grounds that it unlawfully prevented the erection of both off-premises commercial and non-commercial advertising and in that it favored commercial speech over non-commercial speech in violation of the First Amendment to the United States Constitution. The ordinance permitted on-site commercial signs and signs falling within 12 specified categories.
Thus, under this ordinance a sign advertising goods or services available on the property where the sign is located is allowed; a sign advertising goods or services produced or offered elsewhere is barred; and non-commercial advertising, with specific exceptions, is prohibited everywhere.
The United States Supreme Court discussed the need to balance municipal regulation against First Amendment protections.
 "Billboards, then, like other media of communication, combine communicative and noncommunicative aspects. As with other media, the government has legitimate interests in controlling the noncommunicative aspects of the medium, (Kovacs v Cooper, supra,) but the First and Fourteenth Amendments foreclose a similar interest in controlling the communicative aspects. Because regulation of the noncommunicative aspects of a medium often impinges to some degree on the communicative aspects, it has been necessary for the courts to reconcile the government's regulatory interests with the individual's right to expression. "`"[A] court may not escape the task of assessing the First Amendment interest at stake and weighing it against the public interest allegedly served by the regulation"'". Metromedia, Inc., supra, pp 811-812.
The Court then stated the established test for determining the validity of government regulation of commercial speech. The First Amendment protects commercial speech only if that speech concerns lawful activity and is not misleading. A restriction on otherwise protected commercial speech is valid only if it seeks to implement a substantial governmental interest. The restriction must directly advance that interest and must reach no further than necessary to accomplish the given objective.Metromedia, Inc., supra, p 815. The Supreme Court concluded that a sign regulation constitutionally may prefer one form of commercial speech over another kind. A municipality might conclude that some commercial interests outweigh its municipal interests and, thus, prohibit off-site commercial billboards while permitting billboards on site. Metromedia,Inc., supra, p 818. The Court, however, struck down the portion of the San Diego regulations which permitted on-premises commercial advertising but did not permit an identical on-premises sign displaying a non-commercial message unrelated to the goods or services being offered by the business.
 "Insofar as the city tolerates billboards at all, it cannot choose to limit their content to commercial messages; the city may not conclude that the communication of commercial information concerning goods and services connected with a particular site is of greater value than the communication of non-commercial messages." Metromedia, Inc., supra, p 832.
In National Advertising v Town of Babylon, 900 F.2d 551 (2d Cir 1990), the United States Court of Appeals struck down sign ordinances of several Long Island municipalities because they impermissibly restricted both commercial and noncommercial speech. Applying the standards for determining the validity of restrictions on commercial speech, the Court found that the record contained no indication that the proposed advertising in issue involved unlawful activity or was misleading. The Court placed the burden of proof on the municipality to justify the speech restrictions. The Court held as to the Towns of Babylon and Hempstead that neither sign regulation included a statement of a substantial governmental interest to support the restraint on commercial speech and neither town offered any extrinsic evidence of such an interest. While the Town of Islip set forth its governmental interests, the Court found that its regulations unlawfully favored commercial speech over noncommercial speech. Simply, the regulation unconstitutionally permitted commercial signs where noncommercial signs were prohibited. Additionally, the Court found that the Islip regulations impermissibly discriminated between types of noncommercial speech.
 "With respect to noncommercial speech, the city may not choose the appropriate subjects for public discourse . . . Because some noncommercial messages may be conveyed on billboards throughout the commercial and industrial zones, San Diego must similarly allow billboards conveying other non-commercial messages throughout those zones". Metromedia, Inc., supra, p 819.
Your other concern is the authority of a municipality to require removal of existing signs. The New York Court of Appeals has decided that compensation need not be paid by a municipality which requires removal of outdoor advertising signs, provided a reasonable amortization period is allowed by the local regulations. Suffolk Adv. v Southampton, 60 N.Y.2d 70
(1983). The Court found that neither Federal nor State law preempts the right of a municipality to exercise its power to require the removal of billboards. In this case, the Court concluded that the amortization period was reasonable in that the company had fully recouped its investment, substantially depreciating their billboards, had relatively insubstantial lease and license obligations and, thus, would not incur any substantial financial loss. Suffolk Adv., supra, pp 76-77.[1]
We conclude that a municipality, through the exercise of its police power, may prohibit off-site commercial advertising provided thatFirst Amendment requirements are followed.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
[1] See, General Municipal Law § 74-c and Highway Law § 88(7) which set forth compensation payable should a locality require removal of existing signs.