OPINION OF THE COURT
Robert G. Bogle, J.
In a case clearly of first impression, the question presented *105 in this matter is "when does a building cease to merely be an address and instead gains its own identity and name?” In other words, when did 1600 Pennsylvania Avenue become the "White House” or what is the address of "the Sears Tower” or the "Empire State Building?” The relevance of this discussion concerns a large office building possessing a large sign called Colonial Commercial Corp. The complainant claims the sign should come down because it advertises a tenant no longer on the premises. The defendant building owners disagree, and believe the building does indeed advertise something; the building itself.
FINDINGS OF FACT
The premises in question is a large, six-story office building situated at the southeast intersection of Sunrise Highway and South Franklin Avenue, at the address of 181 South Franklin Avenue. The area is predominately commercial in nature, with an office supply business and other office buildings nearby, and is across the highway from the Valley Stream railroad station.
The premises opened on August 23,1966. Its primary tenant at the time was Colonial Commercial Corporation, who erected a large sign on the building’s roof top reading "colonial commercial corp.” Both the sign and the building were issued a valid certificate of occupancy by the Village Department of Buildings.
In 1986, tenant Colonial Commercial Corporation signed a lease agreement with the landlord, 181 South Franklin Associates, to surrender possession of their tenancy as of December 31, 1988. In one highly significant paragraph of the agreement, it is stated "the landlord shall have the right to remove or paint over the name on the sign on the roof or at its option to permit it to remain as is.”
Following the departure of Colonial Commercial, an officer of the Corporation, by letter dated September 21, 1992 notified the Village that they were no longer tenants at the location, and requested the Village demand the landlord remove the sign.
On or about June 14, 1993 the Village issued a summons against Morris Rubin, as principal and agent for 181 South Franklin Associates, for a violation of section 99-1714 of the Valley Stream Village Zoning Code, which states, in part, "any sign which no longer advertises an existing business *106 shall be removed by the owner of the premises upon where such sign is located.”
The parties have stipulated to the facts for purposes of trial, and have waived submission of memoranda of law or written argument.
CONCLUSIONS OF LAW
It is well settled that municipalities may regulate and limit the character and duration of outdoor advertising signs subject to certain constitutional guidelines. (Town of Carmel v Suburban Outdoor Adv. Co., 127 AD2d 204 [2d Dept 1987].) The basis of this regulation may be found in the need for community aesthetics (People v Stover, 12 NY2d 462 [1963]) and is a valid exercise of police power. (Suffolk Outdoor Adv. Co. v Hulse, 43 NY2d 483 [1977].)
Following a period of time, a municipality may mandate the removal of nonconforming signs, as long as a proper amortization period has been allotted by statute. (Matter of Suffolk Outdoor Adv. Co. v Town of Southampton, 60 NY2d 70 [1983].) Similarly, in the case at bar, the local ordinance permits a sign to continue in existence until it no longer advertises a business on the premises (Valley Stream Village Zoning Code § 99-1714).
It is the position of the defendant that the sign still advertises a business at the location, to wit, the building itself. Over the last 27 years the building has become known and is often referred to as the Colonial Commercial Building. The building and sign has become a local landmark and has been highly visible from the Long Island Railroad and Sunrise Highway, both major arteries of commerce.
Indeed, sometimes buildings do take on distinct identities that go beyond what they advertise or what tenants are occupying the premises. After all, the Chrysler Building no longer houses Chrysler, yet it will always be referred to as the Chrysler Building, and is anyone sure if the Woolworth Building still carries Woolworth as a tenant.
Perhaps the most convincing evidence is that the complainant, Colonial Commercial, gave full title and control of the roof sign when they departed at the end of 1988. They, therefore, avoided the expense of the sign’s removal. Now, six years later, obviously unsatisfied the sign still exists, they request the Village direct the landlord defendant to remove the sign at the landlord defendant’s own expense.
*107 The court holds the sign "colonial commercial corp.” does indeed advertise the building itself, based upon public recognition of its many years at this well-known location, and this is further supported by the fact the defendant landlord received the right and title to the sign at the surrender of the lease. It is concluded the sign advertises the building and the office space that may be available.
Accordingly, the defendants are found not guilty and the summons and information is dismissed.