■ HAIG CHEKENIAN, Appellant, v TOWN BOARD OF THE TOWN OF SMITHTOWN et al., Respondents. [609 NYS2d 280] —In an action for a judgment declaring an amendment to chapter 54 of the Building Zone Ordinance of the Town of Smithtown invalid as applied to the plaintiff's property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated May 26, 1992, which, *inter alia,* denied his motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff has challenged the constitutionality of an amortization provision affecting nonconforming home professional offices in the Town of Smithtown. The Supreme Court denied the plaintiff's summary judgment motion and we affirm. Amortization provisions, which require the termination

of nonconforming uses over a specified period of time, are presumptively valid, "unless the owner can demonstrate that the loss * * * is so substantial that it outweighs the public benefit gained by the exercise of the police power" *(Matter of Town of Islip v Caviglia,* 73 NY2d 544, 561). The plaintiff has failed to meet this burden, as his claim that he suffered an immediate substantial decrease in the market value of the subject property is unsubstantiated.

In addition, we find that questions of fact exist as to the plaintiff's claim regarding the length of the amortization period. The courts of this State generally sustain amortization provisions when the time period allowing the owner to recapture the investment in the use is deemed reasonable *(see, Matter of Town of Islip v Caviglia, supra,* at 561). In determining whether a certain amortization period is reasonable, one must examine "all the facts, including the length of the amortization period in relation to the investment and the nature of the use" *(Matter of Town of Islip v Cavligia, supra,* at 561). Under the circumstances herein, this clearly presents a question for the fact-finder, thereby precluding the remedy of summary judgment *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

We have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.