■ SUFFOLK ASPHALT SUPPLY, INC., Appellant, v BOARD OF TRUSTEES OF VILLAGE OF WESTHAMPTON BEACH et al., Respondents. [872 NYS2d 516]—

In an action, inter alia, for a judgment declaring that Local Law No. 10 (2000) of Village of Westhampton Beach is invalid and unconstitutional, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated June 11, 2007, as denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff owns real property within the Village of Westhampton Beach that has been improved with an asphalt plant since 1945. In 1985 the Board of Trustees of the Village of Westhampton Beach (hereinafter the Board of Trustees) amended the Village's zoning code so that the use of the property as an asphalt plant became nonconforming. The plaintiff acquired the property, including the asphalt plant, in 1994.

In June 2000 the Board of Trustees adopted Local Law No. 10 (2000) of Village of Westhampton Beach (hereinafter the local law), which provided that the right to operate and maintain the nonconforming asphalt plant was to terminate within one year unless the plaintiff applied to the Zoning Board of Appeals of the Village of Westhampton Beach (hereinafter the ZBA) for an extension of the termination date, not to exceed five years from the date that the local law was adopted. The plaintiff applied to the ZBA for such an extension almost immediately after the enactment of the local law, and, in a determination dated May 19, 2005, the ZBA granted the maximum extension permitted by the local law and directed the plaintiff to terminate its asphalt operation effective July 2, 2005.

Meanwhile, the plaintiff commenced this action, inter alia, for a judgment declaring that the local law is invalid and unconstitutional since, among other things, the amortization period provided in the statute is unreasonably short. After the ZBA made its determination, the plaintiff moved for summary judgment declaring that the local law is invalid and unconstitutional.

"The validity of an amortization period depends on its reasonableness. We have avoided any fixed formula for determining what constitutes a reasonable period. Instead, we have held that an amortization period is presumed valid, and the owner must carry the heavy burden of overcoming that presumption by demonstrating that the loss suffered is so substantial that it outweighs the public benefit to be gained by the exercise of the police power" (*Village of Valatie v Smith,* 83 NY2d 396, 400-401 [1994] [citations omitted]).

"Whether an amortization period is reasonable is a question which must be answered in light of the facts of each particular case" (*Modjeska Sign Studios v Berle,* 43 NY2d 468, 479-480 [1977], *appeal dismissed* 439 US 809 [1978]). "Reasonableness is determined by examining all the facts, including the length of the amortization period in relation to the investment and the nature of the use. The period of amortization will normally increase as the amount invested increases or if the amortization applies to a structure rather than a use" (*Matter of Town of Islip v Caviglia,* 73 NY2d 544, 561 [1989]). Factors to be considered in determining reasonableness include "the nature of the business of the property owner, the improvements erected on the land, the character of the neighborhood, and the detriment caused the property owner" (*Matter of Harbison v City of Buffalo,* 4 NY2d 553, 562-563 [1958]).

"Typically, the period of time allowed has been measured for reasonableness by considering whether the owners had adequate time to recoup their investment in the use" (*Village of Valatie v Smith,* 83 NY2d at 401). "While an owner need not be given that period of time necessary to permit him to recoup his investment entirely, the amortization period should not be so short as to result in a substantial loss of his investment" (*Modjeska Sign Studios v Berle,* 43 NY2d at 480 [citation omitted]).

Inasmuch as the plaintiff failed to submit any evidence as to the amount that it actually invested in the business, there remains a question of fact regarding whether the amortization period provided in the local law was reasonable and thus constitutional as applied to the plaintiff (*see Alvarez v Prospect*

*Hosp.*, 68 NY2d 320, 324 [1986]; *Chekenian v Town Bd. of Town of Smithtown,* 202 AD2d 542, 543 [1994]). With respect to the plaintiff's contention that the brevity of the amortization period rendered the local law unconstitutional on its face, "a litigant cannot sustain a facial challenge to a law when that law is constitutional in its application to that litigant" (*Village of Valatie v Smith,* 83 NY2d at 403). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Florio, Covello and Belen, JJ., concur. [*See* 2007 NY Slip Op 31650(U).]