■ In the Matter of SUFFOLK ASPHALT SUPPLY, INC., Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF WESTHAMPTON BEACH, Respondent. [873 NYS2d 138]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of Village of Westhampton Beach dated May 19, 2005, as directed the petitioner to terminate its asphalt operations effective July 2, 2005, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Emerson, J.), entered September 12, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner owns real property within the Village of Westhampton Beach that has been improved with an asphalt plant since 1945. In 1985 the Board of Trustees of the Village of Westhampton Beach (hereinafter the Board of Trustees) amended the Village zoning code so that the use of the property as an asphalt plant became nonconforming. The petitioner acquired the property, including the asphalt plant, in 1994.

In June 2000 the Board of Trustees adopted Local Law No. 10 (2000) of Village of Westhampton Beach (hereinafter the local law), which provided that the right to operate and maintain the nonconforming asphalt plant was to terminate within one year unless the petitioner applied to the Zoning Board of Appeals of Village of Westhampton Beach (hereinafter the ZBA) for an extension of the termination date, not to exceed five years from the date that the local law was adopted. The petitioner applied to the ZBA for such an extension almost immediately after the enactment of the local law and, in a determination dated May 19, 2005, the ZBA granted the maximum extension permitted by the local law and directed the petitioner to terminate its asphalt operation effective July 2, 2005.

The petitioner then commenced this proceeding to review so much of the ZBA's determination as directed it to terminate its asphalt operation effective July 2, 2005. Since the petitioner received from the ZBA all of the relief to which it was entitled under the local law, the Supreme Court properly denied the petition and dismissed the proceeding. We note that, in a related matter, the petitioner unsuccessfully moved for summary judgment declaring that the local law is unconstitutional, both on its face and as applied to it (see Suffolk Asphalt Supply, Inc. v Board of Trustees of Vil. of Westhampton Beach, 59 AD3d 429 [2009] [decided herewith]). Mastro, J.P., Florio, Covello and Belen, JJ., concur.