OPINION OF THE COURT
Elizabeth H. Emerson, J.
It is ordered that this motion in limine by the defendants for an order determining three threshold issues for trial is determined as follows:
The plaintiff owns a parcel of real property located within the Village of Westhampton Beach that has been improved with an asphalt plant since 1945. In 1985, the Board of Trustees of the Village amended the Village zoning code so that the use of the property as an asphalt plant became nonconforming. The plaintiff acquired the property in 1994 and continues to operate the nonconforming asphalt plant. The plant is the only asphalt plant in the Village.
In June 2000, the Board of Trustees adopted Local Law No. 10 (2000) of the Village of Westhampton Beach. It provided that the plaintiff’s right to operate and maintain the nonconforming asphalt plant would terminate within one year unless the plaintiff applied to the Village Zoning Board of Appeals (the ZBA) for an extension of the termination date, which was not to exceed five years from the date the law was adopted. The plaintiff applied for and obtained such an extension. In a determination dated May 19, 2005, the ZBA granted the maximum extension permitted by Local Law 10 and directed *305 the plaintiff to terminate its asphalt operation effective July 2, 2005. The plaintiff commenced a CPLR article 78 proceeding to review the ZBA’s determination. By an order of this court dated June 11, 2007, the petition was denied and the proceeding dismissed. The court found that the plaintiff had received all of the relief to which it was entitled under Local Law 10. The plaintiff appealed, and the Appellate Division affirmed (Matter of Suffolk Asphalt Supply, Inc. v Zoning Bd. of Appeals of Vil. of Westhampton Beach, 59 AD3d 452 [2009]).
Meanwhile, the plaintiff commenced this action, inter alia, for a judgment declaring Local Law 10 invalid and unconstitutional. By an order dated June 11, 2007, this court denied the plaintiff’s motion and the defendants’ cross motion for summary judgment, finding that there was a question of fact as to whether the amortization period provided in Local Law 10 was reasonable. The plaintiff appealed, and the Appellate Division affirmed the order insofar as it denied the plaintiff’s motion for summary judgment (Suffolk Asphalt Supply, Inc. v Board of Trustees of Vil. of Westhampton Beach, 59 AD3d 429 [2009]). The Appellate Division found that, because the plaintiff had failed to submit any evidence of the amount that it had actually invested in the business, there was a question of fact regarding whether the amortization period provided in Local Law 10 was reasonable and, thus, constitutional as applied to the plaintiff. The plaintiff subsequently supplied evidence of the amount that it had actually invested in the business, and both sides again moved for summary judgment. By an order dated March 30, 2011, this court found that neither the plaintiff nor the defendants had established, prima facie, its entitlement to judgment as a matter of law. The case is now ready for trial, and the parties have agreed that there are three threshold issues that must be decided by the court in advance of trial. This motion ensued. The threshold issues are:
1. Which period of time prescribed by Local Law 10 will the court consider in determining whether the time period is adequate under constitutional standards for amortization laws?
2. In assessing the constitutional adequacy of the time period allowed by Local Law 10, is what is to be amortized the value of being able to operate and maintain the asphalt plant, the amounts invested in the plant, or some other measure?
3. If Local Law 10 is interpreted by the court as extending the permitted time period by adding to it the period of ongoing litigation challenging the law, does the measure of what is to *306 be amortized include the plaintiff’s investment in such litigation?
The First Threshold Issue
The plaintiff contends that, in determining the constitutionality of Local Law 10 and the reasonableness of the amortization period, the court’s inquiry should be limited to the five-year period from July 2000 to July 2005, which is the maximum period of amortization for which the law provides. The defendants contend that, since this is an as-applied challenge to the constitutionality of Local Law 10, the court should also consider the period of time after 2005 during which litigation has been pending.
The court previously considered this issue when it denied the plaintiff’s last motion for summary judgment. At that time, the plaintiff attempted to demonstrate that, because the asphalt plant had operated at a loss for 6 of the 10 years between 1996 and 2005, it was unable to recoup its investment. The court found that the plaintiff’s analysis failed to take into account the years from 2005 to the present, which had the effect of doubling the amortization period from five years to more than 10 years. Thus, the court denied summary judgment to the plaintiff, finding that it had failed to establish as a matter of law that it did not have a sufficient opportunity to recoup its investment in the nonconforming asphalt plant and avoid substantial financial loss. The court adheres to its previous determination.
In determining whether a property owner has recouped its investment, the Court of Appeals has taken into account the continued operation of a nonconforming use after the maximum period of amortization. In Matter of Town of Islip v Caviglia (73 NY2d 544 [1989]), the Court of Appeals considered a constitutional challenge to the amortization and termination of nonconforming adult uses over a period of IV4 to 5V4 years. The Court found that the respondents had failed to overcome the presumption that amortization provisions are valid unless the owner can demonstrate that the loss suffered is so substantial that it outweighs the public benefit gained by the exercise of the police power. In reaching that determination, the Court considered, inter alia, that the respondents had continued to operate well past the maximum five-year amortization period (id. at 561).
In Philanz Oldsmobile v Keating (51 AD2d 437 [1976]), a CPLR article 78 proceeding, the Fourth Department considered *307 the reasonableness of a three-year abatement period for nonconforming signs and determined that the petitioner had unquestionably been accorded a reasonable period of time to amortize his investment in a nonconforming sign. In reaching that determination, the Fourth Department considered that the Town of Irondequoit did not take any enforcement action against the petitioner or any other property owners who displayed nonconforming signs for several years after the abatement period had expired, in effect, giving them a 10-year abatement period.
In view of the foregoing, the court finds that it is neither unprecedented nor prohibited to take into account the fact that a property owner has had more than the maximum amount of time for which the law provides to amortize its investment in a nonconforming use. Moreover, this is an as-applied challenge to Local Law 10. An as-applied challenge, as opposed to a facial challenge, depends on the specific circumstances of the plaintiff’s particular case (see Chau v United States Sec. & Exch. Commn., 72 F Supp 3d 417, 426 [SD NY 2014]). One of the circumstances in this case is that the plaintiff has had many more years than the drafters of Local Law 10 originally intended to recoup its investment in the nonconforming asphalt plant. Accordingly, the court will consider the period of time from 2000 to the present in determining whether the plaintiff has, in fact, recouped its investment.
The Second Threshold Issue
The defendants contend that, in determining the constitutionality of Local Law 10 and the reasonableness of the amortization period, the court’s inquiry should be limited to whether the plaintiff has been able to recoup its investment in the nonconforming asphalt plant and that the court should not consider the value of the continued operation of the business. The plaintiff contends that, in reaching its determination, the court should consider a myriad of factors including the value of the buildings and equipment, which is found in Local Law 10 itself, and the ability to relocate the plant.
The court has twice considered this issue when it denied the previous motions and cross motions for summary judgment. In the first order denying summary judgment dated June 11, 2007, the court stated:
“A municipality may enact a local law or ordinance reasonably limiting the duration of a nonconform *308 ing use by means of an amortization period at the conclusion of which the nonconforming use must end (e.g., Village of Valatie v Smith, 83 NY2d 396, 610 NYS2d 941 [1994]) The validity of an amortization period depends on its reasonableness, i.e., whether it is sufficient to give the property owner a fair opportunity to recoup his investment in the use (id.; Matter of Town of Islip v Caviglia, 73 NY2d 544, 542 NYS2d 139 [1989]). An amortization period is presumptively valid. However, a court will declare an amortization law unconstitutional as applied to a property owner if the owner is able to overcome the presumption by establishing that the loss he suffers as a result of the removal of the nonconforming use is so substantial that it outweighs the public benefit gained by the legislation (id.; Modjeska Sign Studios v Berle, 43 NY2d 468, 402 NYS2d 359 [1977], appeal dismissed 439 US 809, 99 S Ct 66 [1978]; Matter of Harbison v City of Buffalo, 4 NY2d 553, 176 NYS2d 598 [1958]). In determining what constitutes a substantial loss, a court will consider the nature of the surrounding neighborhood, the value and condition of the improvements on the premises, the nearest area to which the owner may relocate the business, the cost of such relocation, as well as any other reasonable costs that bear on the kind and amount of damages the owner may sustain (id.). Conversely, if the enforcement of an amortization law or ordinance causes relatively slight and insubstantial loss to the property owner, the law will be deemed constitutional (id., at 563, 176 NYS2d at 605; People v Miller, 304 NY 105, 108 [1952]). An owner need not be given the time necessary to recoup his investment entirely (Suffolk Outdoor Adv. Co. v Hulse, 43 NY2d 483, 402 NYS2d 368 [1977], appeal dismissed 439 US 808, 99 S Ct 66 [1978]; Modjeska Sign Studios v Berle, supra)” (2007 NY Slip Op 31650[U], *7 [Sup Ct, Suffolk County 2007]).
The Appellate Division affirmed finding that, while the validity of an amortization period depends on its reasonableness, it has avoided any fixed formula for determining what constitutes a reasonable period and that reasonableness is a question which must be answered in light of the facts of each particular *309 case (59 AD3d at 430). Factors to be considered are the length of the amortization period in relation to the investment and the nature of the use, the nature of the business, the improvements erected on the land, the character of the neighborhood, and the detriment caused to the property owner (id., citing Matter of Harbison v City of Buffalo, 4 NY2d 553, 562-563 [1958]).
In the second order denying summary judgment dated March 30, 2011, this court again stated:
“An ‘amortiztion period’ simply designates a period of time granted to owners of nonconforming uses during which they may phase out their operations as they see fit and make other arrangements. It is, in effect, a grace period, putting owners on fair notice of the law and giving them a fair opportunity to recoup their investment (Village of Valatie v Smith, 83 NY2d 396, 400). Amortization periods are presumptively valid, and the owner carries a heavy burden of overcoming that presumption by demonstrating that the loss suffered is so substantial that it outweighs the public benefit to be gained by the exercise of the police power (Id. at 401). Determining the reasonableness of an amortization period is an inherently factual inquiry with a balance to be struck between an individual’s interest in maintaining the present use of his or her property and the general welfare of the community sought to be advanced by the zoning ordinance (Lodge Hotel v Town of Erwin Zoning Board of Appeals, Sup Ct, Steuben County, April 25, 2005, Bradstreet, J. [2005 WL 6214563], citing Modjeska Sign Studi[o]s, v Berle, 43 NY2d 468). An amortization period is designed to provide the owner with an opportunity to recoup his or her investment and avoid substantial financial loss (Id.). If the owner can show that the loss suffered as a result of the removal of a nonconforming use at the expiration of the amortization period is so substantial that it outweighs the public benefit gained by the legislation, then the amortization period must be held unreasonable (Modjeska Sign Studi[o]s, v Berle, supra at 480). Thus, the relevant inquiry is whether the plaintiff has sufficiently demonstrated that the loss suffered due to Local Law No. 10 is so substantial that it outweighs *310 the public benefit gained thereby and whether the amortization period provides the plaintiff with an opportunity to recoup its investment and avoid substantial loss (see, Lodge Hotel v Town of Erwin Zoning Board of Appeals, supra). . . .
“While courts have considered whether the property in question has been fully depreciated for income tax purposes in reviewing the reasonableness of an amortization period, this factor alone has not been held to be determinative (see, AVR, Inc. v City of St. Louis Park, 585 NW2d 411, 415 [Ct App Minn], citing Philanz Oldsmobile v Keating, supra [and other cases cited therein]). Other factors to be considered include the nature of the surrounding neighborhood, the value and condition of the improvements on the premises, the nearest area to which the plaintiff may relocate, the cost of such relocation, as well as any other reasonable costs which bear on the kind and amount of damages that the plaintiff may sustain (see, Harbison v City of Buffalo, 4 NY2d 553, 563-564)” (2011 NY Slip Op 34215 [U], *2-3 [Sup Ct, Suffolk County 2011]).
Broadly speaking, the defendants are correct that the relevant inquiry is whether the plaintiff has been given a fair opportunity to recoup its investment in the nonconforming asphalt plant. However, in reaching its determination, the court is given wide latitude to consider a variety of factors including, but not limited to, the nature of the business and of the surrounding neighborhood, the value and condition of the improvements on the premises, the nearest area to which the owner may relocate the business, and the cost of such relocation (Matter of Harbison at 563-564). Other factors include, inter alia, the initial capital investment, investment realization to date, life expectancy of the investment, and the existence or nonexistence of a lease obligation (Modjeska Sign Studios v Berle, 43 NY2d 468, 480 [1977]). As the Appellate Division stated in this case, there is no fixed formula for determining what constitutes a reasonable amortization period and reasonableness is a question that must be answered in light of the facts of each particular case (59 AD3d at 430). Determining the reasonableness of an amortization period is an inherently factual inquiry with a balance to be struck between an individual’s interest in maintaining the present *311 use of the property and the general welfare of the community sought to be advanced by the zoning ordinance (Lodge Hotel, Inc. v Town of Erwin Zoning Bd. of Appeals, 2005 WL 6214563 [Sup Ct, Steuben County, Apr. 25, 2005, Bradstreet, J., index No. 90321/2004], citing Modjeska Sign Studios). The test is a balancing test, i.e., whether the individual loss suffered is so substantial that it outweighs the public benefit to be gained by the exercise of the police power (Village of Valatie v Smith, 83 NY2d 396, 401 [1994]; Lodge Hotel, Inc. v Town of Erwin Zoning Bd. of Appeals). Thus, the question to be answered is whether, considering the amounts invested in the plant, the value of the buildings and equipment, and the ability and cost of relocating the plant, among other things, the appropriate balance has been struck and the plaintiff has been given an opportunity to recoup its investment and avoid substantial financial loss. In making that determination, the court will consider all relevant factors.*
The Third Threshold Issue
The defendants seek to preclude the plaintiff from including its litigation expenses as a factor to be considered by the court in determining whether the plaintiff has suffered a substantial financial loss. The defendants contend that litigation expenses are “soft costs,” which are not recoverable through amortization. The plaintiff contends that, if the court considers the period of time from 2005 to the present in determining whether it has recouped its investment, the court should also consider its litigation expenses, which were necessary to keep the plant in operation during that time.
The court is unaware of any cases that have specifically included or excluded litigation expenses in the formula for determining what constitutes a reasonable amortization period and whether the plaintiff has suffered a substantial financial loss, nor have the parties cited to any cases that are directly on *312 point. In Matter of Harbison the Court of Appeals held that, in addition to evidence relating to the nature of the surrounding neighborhood, the value and condition of the improvements to the premises, the nearest area to which the petitioners might relocate, and the cost of such relocation, evidence of any other reasonable costs which bear upon the kind and amount of damages that the petitioners might sustain could be used to ascertain whether the injury was so substantial that the ordinance in question was unconstitutional as applied to the petitioners.
The court finds that the plaintiff’s reasonable litigation expenses are costs which bear upon the kind and amount of damages that the plaintiff has sustained. Contrary to the defendants’ contentions, the plaintiff is not seeking to recover its legal fees, but to include them as evidence of its investment in the nonconforming asphalt plant. As the plaintiff correctly asserts, it would not have been able to stay in business had it not challenged Local Law 10 in court. Moreover, information about legal fees paid by a client generally do not fall within the scope of the attorney-client privilege (Alexander, Practice Commentaries, McKinneys Cons Laws of NY, Book 7B, CPLR C4503:2 at 49-50). In any event, even if counsel’s time records and billing statements contain privileged information, they may be redacted. Accordingly, the court will allow the plaintiff to proffer evidence of reasonable litigation expenses at trial in order to ascertain its investment in the nonconforming asphalt plant and to determine whether or not it has suffered a substantial financial loss.
Conclusion
The court will consider the period of time from 2000 to the present in determining whether the plaintiff has, in fact, recouped its investment in the plant that is the subject of this action. The court will consider all relevant factors in making that determination including, but not limited to, any reasonable litigation expenses that the court deems appropriate.

 In its prior order dated March 30, 2011, the court stated that the purpose of an amortization period is to provide the owner of a nonconforming use with an opportunity to recoup his or her investment, not the value of the property with improvements or even the entire investment (citing Village of Valatie; Suffolk Outdoor Adv. Co. v Hulse, 43 NY2d 483 [1977]). The defendants rely on the March 30, 2011 order and cite the language in italics in support of their contentions. Upon reconsideration, the court finds that the cases cited do not support the language in italics. Moreover, in Matter of Harbison, the Court of Appeals specifically held that the value and condition of improvements to the premises is a factor to be considered.