OPINION OF THE COURT
Jasen, J.
The principal question posed on these cross appeals is whether a local zoning ordinance requiring the removal of all off-premises or nonaccessory billboards throughout the town is an unconstitutional exercise of the police power.
On May 2, 1972, the Town of Southampton adopted Building Zone Ordinance No. 26, which prohibited the erection of all nonaccessory billboards (§ 3-50-60.70) in all districts throughout the town. The ordinance further provided for the removal of all nonconforming billboards on or before June 1, 1975 (§ 3-110-70.03). However, owners of nonconforming billboards were given the opportunity to apply for an extension of the amortization period prescribed by the ordinance (§ 3-110-70.04). Exception was also made for the Town of Southampton to establish public information centers where business signs could be located (§ 3-50-60.07).
Plaintiffs, owners of nonconforming billboards located in the Town of Southampton, seek a declaration that the ordinance in question is unconstitutional in that it is not reasonably related to public safety and welfare. We hold that the ordinance is reasonably related to public safety and welfare, and, as such, is a valid exercise of the police power.
*489 Initially, we reject plaintiffs’ contention that the prohibition of nonaccessory billboards constitutes a violation of the right to free speech guaranteed by the First Amendment. While the Supreme Court has held that commercial speech falls within the protection of the First and Fourteenth Amendments, the court recognized that a State may regulate the time, place or manner of commercial speech—as opposed to its content—to effectuate a significant governmental interest. (Virginia Pharmacy Bd. v Virginia Consumer Council, 425 US 748, 770-771.) We believe that the regulation of aesthetics constitutes such an interest. Since the challenged ordinance makes no attempt to regulate the content of the commercial speech appearing on billboards, but rather regulates only the place and manner in which billboards may be maintained, we conclude that the ordinance does not infringe the right to free speech guaranteed by the First Amendment.
The authority of the State and its political subdivisions to regulate outdoor advertising pursuant to the police power is well settled. (See, e.g., People v Goodman, 31 NY2d 262; New York State Thruway Auth. v Ashley Motor Ct, 10 NY2d 151; People v National White Plains Corp., 299 NY 694; 1 Anderson, New York Zoning Law and Practice [2d ed], § 11.54; 2 NY Jur, Advertising and Advertisements, § 7; 82 Am Jur 2d, Zoning and Planning, § 125; Billboards—Municipal Regulation, Ann., 58 ALR2d 1314.) Certainly, where the primary purpose for which outdoor advertising is regulated is the public health or safety, there is no doubt that the objective of the regulation lies within the permissible bounds of the police power. (See, e.g., New York State Thruway Auth. v Ashley Motor Ct, 10 NY2d 151, supra; Whitmier & Ferris Co. v State of New York, 20 NY2d 413; 1 Anderson, New York Zoning Law and Practice [2d ed], § 11.55.) Although once open to question, it is now equally clear that the regulation of outdoor advertising for aesthetic purposes alone constitutes a valid exercise of the police power. (See Matter of Cromwell v Ferrier, 19 NY2d 263; People v Goodman, 31 NY2d 262, supra; Rochester Poster Adv. Co. v Town of Brighton, 49 AD2d 273; 1 Anderson, New York Zoning Law and Practice [2d ed], §§ 7.07, 11.54; 67 NY Jur, Zoning and Planning Laws, § 123.)
Once it is established that a regulation enacted pursuant to the police power has a valid basis, it need only be shown to sustain its constitutionality that it is reasonably related to the objective for which it was enacted. (Matter of Cromwell v *490 Ferrier, 19 NY2d, at p 272, supra; People v Goodman, 31 NY2d, at p 266, supra.)
Turning to an analysis of the reasonableness of the Southampton ordinance, we note that the facts in the present case are strikingly similar to those in Matter of Cromwell v Ferrier (supra). In Cromwell, the Town of Wallkill adopted a zoning ordinance which implicitly prohibited nonaccessory signs throughout the town. In upholding the constitutionality of the ordinance, we recognized that "[advertising signs and billboards, if misplaced, often are egregious examples of ugliness, distraction, and deterioration.” (19 NY2d, at p 272, supra.) While we cautioned that the police power should not be employed to cure every artistic nonconformity, we nevertheless sustained the ordinance as reasonable since it was substantially related to promoting the general welfare of the community. (19 NY2d, at p 272, supra; see, also, People v Goodman, 31 NY2d, at p 266, supra.)
Just as in Cromwell, the ordinance under attack in this case prohibits nonaccessory billboards and signs. It cannot be seriously argued that a prohibition of this nature is not reasonably related to improving the aesthetics of the community. Nor can it be said that it is oppressive. (See People v Goodman, 31 NY2d 262, supra.) Although prohibiting nonaccessory billboards, the ordinance permits the maintenance of accessory or on-premises billboards, thus providing an operative means of advertising.
We therefore hold that aesthetics constitutes a valid basis for the exercise of the police power and that the Southampton ordinance prohibiting nonaccessory billboards is substantially related to the effectuation of this objective.
Although the Southampton ordinance is. constitutional on its face, its validity is also dependent upon its reasonableness, as applied. The underlying issue to be resolved in making this determination is whether the amortization period provided by the ordinance is reasonable. While the purpose of an amortization period is to provide a billboard owner with an opportunity to recoup his investment, an owner need not be given that period of time necessary to permit him to recoup his investment entirely. Nor, however, should the amortization period be so short as to result in a substantial loss of his investment. In this respect, the plaintiffs should be entitled to show that the three-year amortization period provided in the *491 Southampton ordinance is unreasonable, as applied. (See Modjeska Sign Studios v Berle, 43 NY2d 468 [decided herewith].)
However, unlike the statute challenged in Modjeska (supra), the ordinance in this case affords plaintiffs an opportunity to obtain an extension of the amortization period if it can be established that, "as to a particular sign”, the amortization period of three years is unreasonable. (See Building Zone Ordinance No. 26, § 3-110-70.04.) This the plaintiffs concededly failed to do. We believe that the plaintiffs were required to exhaust the administrative remedy available under the ordinance before instituting this action. Until plaintiffs make application to the town board for an extension of the amortization period and the town board renders a determination thereon, we can only speculate as to the total amortization period which plaintiffs may have been granted under the ordinance. Hence, it would be premature for a court to pass upon the reasonableness of the amortization period, as applied.
Lastly, we find no merit to plaintiffs’ claim that the Federal Highway Beautification Act of 1965 (US Code, tit 23, § 131) and section 88 of the Highway Law preclude the removal of nonconforming billboards without compensation. (See Modjeska Sign Studios v Berle, supra.)
Accordingly, the order of the Appelate Division should be modified in accordance with this opinion, and as so modified, should be affirmed, with costs for the defendants. The ordinance is declared valid and the certified question is answered in the negative.