■ SARRDS, INC., Respondent, v CITY OF WHITE PLAINS et al., Appellants.—In an action, *inter alia,* to declare the sign ordinance of the City of White Plains invalid, the defendants appeal from so much of an order of the Supreme Court, Westchester County, entered April 12, 1978, as denied their

cross motion to dismiss the complaint. Order modified, on the law, by adding thereto, immediately after the provision which denied the cross motion, the following: "except as to the fifth cause of action, which cause of action is dismissed." As so modified, order affirmed insofar as appealed from, without costs or disbursements. In our opinion, the fifth cause of action asserted in the complaint has been raised prematurely. Plaintiff has not been called upon to submit an application for a permit to the Civic Art Commission which was established pursuant to the sign ordinance in question. In fact, since plaintiff's existing sign has had a permit for many years, it is questionable whether this provision in the ordinance even applies to it. Accordingly, the fifth cause of action, which alleges that the establishment of the Civic Art Commission was an unconstitutional delegation of powers, should have been dismissed (see *Old Farm Rd. v Town of New Castle,* 26 NY2d 462). In the remaining causes of action, plaintiff alleged, in substance, that the sign ordinance was an unreasonable exercise of the police power and served to confiscate its property without just compensation, in violation of constitutional strictures. In the two recent cases of *Modjeska Sign Studios v Berle* (43 NY2d 468) and *Suffolk Outdoor Adv. Co. v Hulse* (43 NY2d 483), the Court of Appeals upheld the validity of a State statute and a local zoning ordinance, respectively, which required the removal of all nonaccessory advertising signs and billboards. In *Modjeska* and *Suffolk Outdoor,* the Court of Appeals held that aesthetic considerations constituted a valid basis for the exercise of the police power and that the statute and ordinance involved were constitutional on their face. However, we note that the ordinance in *Suffolk Outdoor,* while similar to the instant ordinance, was enacted by the Town of Southampton, a relatively rural community, whereas the ordinance under consideration here applies to the City of White Plains, which is urban in character. Thus, a question remains as to whether the White Plains ordinance is substantially and reasonably related to the effectuation of aesthetic considerations, and thus a valid exercise of the police power. Moreover, the Court of Appeals in *Modjeska* and *Suffolk Outdoor* took pains to point out that the validity of the laws were also dependent on their reasonableness as applied to the particular owner. In making a determination on this question, the court in *Suffolk Outdoor (supra,* p 490) stated that "The underlying issue to be resolved * * * is whether the amortization period provided by the ordinance is reasonable", an issue that could only be resolved after a trial. In *Suffolk Outdoor,* the amortization period was three years, but the ordinance afforded the plaintiffs therein an opportunity to obtain an extension from the local authorities if they could establish that as to a particular sign, the amortization period was unreasonable. In *Suffolk Outdoor* plaintiffs failed to apply for this extension and the Court of Appeals held that they had failed to exhaust their administrative remedies. Since the court in *Suffolk Outdoor* could only speculate on the total amortization period which plaintiffs therein could have been granted, it held (p 491) that "it would be premature for a court to pass upon the reasonableness of the amortization period, as applied." However, in *Modjeska,* the statute provided for a six and one-half year amortization period without the possibility of any extensions, and the Court of Appeals (p 481) remanded for an "immediate hearing" so that plaintiff therein would have the opportunity to establish, if it could, that the statutory amortization period was unreasonable as applied. Since the amortization period of three years provided for in the ordinance at bar is similar to that in *Modjeska* in that it cannot be extended, plaintiff herein is entitled to an immediate hearing as to whether the amortization period provided in

the ordinance herein is unreasonable as applied (see *Modjeska Sign Studios v Berle,* 43 NY2d 468, *supra).* Accordingly, defendants' motion to dismiss these remaining causes of action was properly denied. Mollen, P. J., Suozzi, Rabin and Martuscello, JJ., concur.