■ In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant.—In a hybrid proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent New York City Board of Estimate dated October 13, 1988, which adopted a resolution for underground placement of utility lines, and, *inter alia,* for declaratory relief, the Consolidated Edison Company of New York, Inc., appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Queens County (Dunkin, J.), entered August 16, 1989, which, *inter alia,* dismissed its fifth

cause of action seeking damages for being required to place its utility lines underground pursuant to a Board of Estimate resolution.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Pursuant to an October 13, 1988, resolution by the New York City Board of Estimate, the Consolidated Edison Company of New York, Inc. (hereinafter Con Ed) was required to place its utility lines underground in coordination with a certain portion of a capital highway reconstruction project on Northern Boulevard. On this appeal, Con Ed claims, *inter alia*, that it is entitled to recover the increased cost of having to place its lines underground instead of merely moving its utility poles to accommodate the widening of Northern Boulevard. We disagree.

It is well settled that "utility companies, which have been granted the 'privilege' of laying their pipes and mains in the public streets * * * must relocate them at their own expense 'whenever the public health, safety or convenience requires the change to be made' and that departure from this settled principle is recognized *only* 'when the change is required in behalf of other public service corporations or in behalf of municipalities exercising a *proprietary* instead of a *governmental* function' " *(Matter of Consolidated Edison Co. v Lindsay,* 24 NY2d 309, 316-317 [emphasis in original], quoting *Transit Commn. v Long Is. R. R. Co.,* 253 NY 345, 352; *see, New York Tel. Co. v City of New York,* 95 AD2d 282, *affd* 65 NY2d 681). What is more, although the resolution requiring the underground placement of Con Ed's lines is based in part on aesthetic concerns, such concerns constitute a "valid basis for the exercise of the police power" *(Suffolk Outdoor Adv. Co. v Hulse,* 43 NY2d 483, 490; *cf., Rochester Tel. Corp. v Village of Fairport,* 84 AD2d 455).

We have considered Con Ed's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.