■ VILLAGE OF HEMPSTEAD, Appellant, v SRA REALTY CORP. et al., Respondents. [617 NYS2d 794] —In an action for a permanent injunction barring an alleged violation of Village of Hempstead Code § 50-28 (d), the Village of Hempstead appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered April 18, 1994, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint on the ground that Village of Hempstead Code § 50-28 (d), the statute that the Village of Hempstead sought to enforce, is unconstitutional as applied to the defendants.

Ordered that the order is affirmed, with costs.

The code provision at issue prohibited the installation or maintenance of sheet metal security gates over openings to stores facing the street. Its stated purpose was to promote the aesthetics of the village, while the unwritten purpose was to rid the village of the "ghetto look". Some five years prior to its enactment, the defendants had installed sheet metal security gates on the windows and doors of their store located at 55-57 Main Street, because several break-ins had occurred. The village sought an injunction to require the defendants to permanently remove their gates.

It is well settled that aesthetics is a valid subject for the legislative exercise of the police power *(see, People v Stover,* 12 NY2d 462), and that the constitutionality of a municipal ordinance is presumed *(see, Lighthouse Shores v Town of Islip,* 41 NY2d 7, 11). However, the exercise of a municipality's police power cannot be arbitrary or unreasonable, and must be reasonably related to the health, comfort, safety, and welfare of the community *(see, Health Ins. Assn. v Harnett,* 44 NY2d 302, 309-310; *Suffolk Outdoor Adv. v Hulse,* 56 AD2d

365, 372). In addition, the validity of an ordinance such as the one here may be dependent on its reasonableness as applied to the particular landowner involved *(see, Sarrds, Inc. v City of White Plains,* 68 AD2d 905, 906). Moreover, where a law would have retroactive effect, as here, the courts will scrutinize the legislation more closely to examine "whether the law is reasonably calculated to serve a compelling public interest * * * and the extent to which retrospective application creates unfairness" *(Niagara Recycling v Town of Niagara,* 83 AD2d 316, 326).

We agree with the determination of the Supreme Court that the code provision was invalid as applied to these defendants. The provision requires the removal of the defendants' security gates, which had been installed five years prior to its enactment, without any provision for a cost abatement or other method to offset the cost. It is unfair to require business owners to absorb the cost or forego any security gates *(see, Modjeska Sign Studios v Berle,* 43 NY2d 468, 478). Mandating the defendants to remove their existing gates without a compensation or amortization provision is unduly burdensome to the defendants. Thus, Village of Hempstead Code § 50-28 (d) is unconstitutional as applied to the defendants *(see, Sackson v Zimmerman,* 103 AD2d 843, 844, quoting *Matter of Cromwell v Ferrier,* 19 NY2d 263, 272). Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.