In the Matter of ROUTE 22 PROPERTIES, L.P., Respondent, v TOWN BOARD OF THE TOWN OF SOUTHEAST et al., Appellants.
[767 NYS2d 813]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town Board of the Town of Southeast dated October 18, 2001, which denied the petitioner's application to install a certain sign on its premises, the appeal is from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated August 20, 2002, which granted the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner applied for, and received, a special use permit to build a car wash and oil change facility on Route 22 in the Town of Southeast, subject to certain conditions, including that the design for its outdoor sign be approved by the Town Board of the Town of Southeast. After several meetings between the petitioner and the Town Board to discuss the proposed design, the Town Board rejected the proposed design by a vote of three to two. The petitioner commenced this proceeding to review the Town Board's decision and to direct the Town's Building Inspector to issue a permit for the construction and installation of the sign. The Supreme Court granted the petition. We affirm.

Assuming that the Town Board had the authority to review the aesthetics of the sign, the evidence in the record reveals that its decision to deny the application on the grounds that the sign was ugly or might be offensive to members of the community was arbitrary and capricious, as it was not supported by substantial evidence (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195-196 [2002]; *Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000 [1997]; *Matter of C.B.H. Props. v Rose*, 205 AD2d 686 [1994]; *Matter of McDonald's Serv. Sta. v Board of Appeals of Inc. Vil. of Garden City*, 282 AD2d 604 [2001]). The Town Board improperly relied on its own collective ability to gauge the feelings of the community without obtaining any input from the community and without presenting any evidence that the sign would be out of character with the surrounding area (*see Matter of Cromwell v Ferrier*, 19 NY2d 263, 272 [1967]; *Matter of Society for Ethical Culture in City of N.Y. v Spatt*, 51 NY2d 449, 454 [1980]; *Matter of De Sena v Board of Zoning Appeals of Inc. Vil. of Hempstead*, 45 NY2d 105, 109; *Sackson v Zimmerman*, 103

AD2d 843, 844 [1984]; *Matter of Triangle Inn v Lo Grande,* 124 AD2d 737 [1986]; *cf. Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]).

The parties' remaining contentions either are academic or without merit. Smith, J.P., McGinity, H. Miller and Rivera, JJ., concur.