Matter of Lewis Homes of N.Y., Inc. v Board of Site Plan Review of the Town of Smithtown (2023 NY Slip Op 00214)

Matter of Lewis Homes of N.Y., Inc. v Board of Site Plan Review of the Town of Smithtown

2023 NY Slip Op 00214

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-10169
 (Index No. 40966/09)

[*1]In the Matter of Lewis Homes of New York, Inc., et al., appellants, 
v
Board of Site Plan Review of the Town of Smithtown, et al., respondents.

Certilman Balin Adler & Hyman, LLP, Hauppauge, NY (John M. Wagner of counsel), for appellants.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, to recover damages pursuant to 42 USC § 1983 for alleged violations of constitutional rights, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated May 10, 2019. The order and judgment, insofar as appealed from, granted those branches of the motion of the defendants/respondents which were pursuant to CPLR 3211(a) to dismiss the third and fourth causes of action, and, in effect, dismissed those causes of action.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioners/plaintiffs sought to redevelop certain real property located in the Town of Smithtown. To that end, they submitted various land use applications, including an application for site plan approval. Thereafter, the Town Board of the Town of Smithtown adopted a resolution issuing a positive declaration pursuant to the State Environmental Quality Review Act (ECL art 8), which indicates that the proposed project may have a potential significant adverse environmental impact, thus requiring the preparation of an environmental impact statement. The petitioners/plaintiffs commenced this hybrid proceeding pursuant to CPLR article 78 to review the determination adopting that resolution and action, inter alia, to recover damages pursuant to 42 USC § 1983 for alleged violations of constitutional rights. The respondents/defendants moved pursuant to CPLR 3211(a) to dismiss the petition and complaint. In an order and judgment dated May 10, 2019, the Supreme Court granted the motion and, in effect, denied the petition and dismissed the proceeding/action. The petitioners/plaintiffs appeal from so much of the order and judgment as granted those branches of the motion which were pursuant to CPLR 3211(a) to dismiss the third and fourth causes of action, seeking to recover damages pursuant to 42 USC § 1983 for alleged violations of constitutional rights, and, in effect, dismissed those causes of action.
The Supreme Court properly granted those branches of the motion which were pursuant to CPLR 3211(a) to dismiss the third and fourth causes of action, seeking to recover [*2]damages pursuant to 42 USC § 1983 for alleged violations of constitutional rights. "Civil rights claims are not justiciable until the municipality has arrived at a definitive position on the issue that inflicts an actual, concrete injury" (Town of Orangetown v Magee, 88 NY2d 41, 50 [internal quotation marks omitted]). Here, these causes of action fail as a matter of law because no final determination has been rendered and, accepting the factual allegations in the petition/complaint as true, the allegations do not demonstrate that it would have been futile for the petitioners/plaintiffs to continue the application process (see Loskot-D'Souza v Town of Babylon, 137 AD3d 751, 753).
The remaining contentions of the petitioners/plaintiffs are without merit.
Accordingly, we affirm the order and judgment insofar as appealed from.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court