## Progresssive Ins. Co. v Tubon

2023 NY Slip Op 34826(U)

May 19, 2023

Supreme Court, Queens County

Docket Number: Index No. 723000/2022

Judge: Ulysses B. Leverett

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x
PROGRESSSIVE INSURANCE COMPANY,

                              Petitioner,

        -against-

JOHN CALLAHAN,

                         Respondent

        -and-

ERIK A. CHIMBORAZO TUBON, HEREFORD
INSURANCE COMPANY,

                  Additional Respondents.
-------------------------------------------------------------------x
PRESENT: ULYSSES B. LEVERETT, J.S.C.

Index No.: 723000/2022

**ORDER**

Motion Sequence No.: 1

**FILED**
5/22/2023
COUNTY CLERK
QUEENS COUNTY

      Petitioner Progressive Insurance Company (Progressive) brings this petition to permanently stay the demand for arbitration made by Respondent John Callahan for supplementary uninsured/underinsured (SUM/UM) motorist coverage following a June 13, 2021 accident. Respondent Callahan in opposition to the petition asserts that petitioner's application to stay the arbitration should be denied because the petition is untimely having been filed more than twenty (20) days after respondent's service of the demand for arbitration as required by CPLR §7503(c).

      Respondent Hereford Insurance Company (Hereford) in opposition to the petition to stay arbitration asserted that it is the insurer of Mohammed Hossain, who owned and operated the motor vehicle in which respondent was a passenger on the alleged date of loss. Respondent Hereford additionally stated that it tendered its full "For hire" policy limit of $25,000 to respondent Callahan and should not be added as an additional respondent to the proceeding.

      Petitioner Progressive argued that its application to stay arbitration may still be heard after the 20-day statutory time period of CPLR §7503(c) on the basis it never agreed to arbitrate a claim for which no coverage was provided under its policy. Petitioner asserts its provided policy coverage to Lyft for its Transportation Network Company (TNC) vehicles as defined by its policy but not for Hossain's Taxi and Limousine Commission (TLC) regulated vehicle which was insured by Hereford.

      Pursuant to the Order of this Court dated January 31, 2023, this matter was set down for a trial of the framed issues of whether the petition seeking a permanent stay of arbitration was timely and whether the policy issued by petitioner to Lyft Inc. affords coverage to respondent for the June 13, 2021 motor vehicle accident.

1

A trial on the framed issues was held before this Court on March 9, 2023 and post hearing memorandum were submitted on or before March 31, 2023. The parties submitted documentary exhibits into evidence as per the stipulation dated March 8, 2023 and Senior Claims Specialist Stephen Silvas was the sole witness for Progressive.

The Court makes the following findings of facts and conclusions of law.

Respondent Callahan was involved in a motor vehicle accident on June 13, 2021 at 3:50 a.m. at Fresh Pond Road and Eliot Avenue, Queens, NY while a passenger in a 2016 Toyota bearing New York license plate number T712746C, owned and operated by Mohammed S. Hossain. The accident also involved an uninsured 2014 Ford, bearing Pennsylvania license plate number KYW5485, owned by additional respondent Eric A. Chimborazo Tubon. Respondent Callahan was a passenger in Mr. Hossain's vehicle at the time of the accident and was transported to Elmhurst Hospital with injuries. Mr. Hossain sustained severe trauma and was pronounced deceased at Wyckoff Hospital on June 13, 2021. Additional respondent Tubon was arrested for disregarding a red traffic signal and driving while intoxicated. Additional respondent Hereford issued a "For hire automobile policy" to Mohammed Hossain for coverage of his 2016 Toyota which was effective at the time of the accident. The policy provided the statutory uninsured motorist coverage in the amount of $25,000 per person, $50,000 per accident. On or about January 10, 2022 additional respondent Hereford tendered the $25,000 policy limits of Mr. Hossain's policy to respondent Callahan. The trip in which respondent was a passenger and Mr. Hossain was a driver allegedly originated in New York County where respondent was picked up at 50 E Broadway, NY at 3:36am. The accident occurred approximately at 3:50 am in Queens County.

Petitioner Progressive argues that its policy with Lyft provided coverage for TNC arranged trips but that Mr. Hossain maintained a TLC policy with Hereford Ins, which paid UM benefits to respondent and that the subject vehicle of Mr. Hossain was operated not as a TNC vehicle but rather a TLC vehicle at the time of accident since the ride originated within the five boroughs of New York City.

Respondent Callahan argues that petitioner Progressive untimely demand for a stay of arbitration was filed 343 days after its receipt of the respondent's demand for arbitration contrary to the 20 day rule of CPLR §7503(c); that progressive was not entitled to an exception to the 20 day rule as where there is no agreement to arbitrate; that the denial of coverage was based upon a policy Exclusion 4 of the SUM Endorsement which requires compliance with the 20 day rule.

The policy Exclusion 4 specifically excludes SUM coverage when "bodily injury to an insured incurred while, pursuant to 44B of New York Vehicle and Traffic Law(VTL), the motor vehicle used by a TNC driver while the driver is not engaged in a TNC prearranged trip." *See also* VTL §1693(2)(a). However, the Court notes that pursuant to VTL §1693(3)(a), when a driver is logged in and engaged in a TNC prearranged trip, the TNC must provide bodily injury (BI) and Sum coverage at $1,250,00.00.

Petitioner Progressive argues that its TNC policy with Lyft did not provide coverage in the first instances to Hossain's TNC vehicle pursuant to its policy definition of a TNC vehicle.

2

[* 2]

New York Vehicle and Traffic Law (VTL) §1691 et seq and Progressive's policy sets forth in pertinent part:

"Transportation Network Company Vehicle" or "TNC vehicle" means vehicle that is

(a)     used by a transportation network company driver to provide a TNC prearranged trip within the state of New York; and

(b)     owned, leased or otherwise authorized for use by the transportation network company driver.

Such term shall not include:

(a)     A taxicab, as defined in section 148-a of Title-I, Article 1 of the New York Vehicle and Traffic Law, section 19-502 of the administrative code of the city of New York, or as otherwise denied in local law;....

(d)     a for-hire vehicle, as defined in section 19-502 of the administrative code of the city of New York, or as otherwise defined in local law;....

(g)     For hire vehicle means a motor vehicle carrying passengers for hire in the city, with a seating capacity of twenty passengers or less, not including the driver other than a taxicab, coach, wheelchair accessible van, commuter van or an authorized bus operating pursuant to applicable provisions of law."

4. "Transportation network company driver" or "TNC driver" means an individual who:

(a)     Receives connections to potential passengers and related services from a transportation network company in exchange for payment of a fee to the transportation network company; and

(b)     Uses a TNC vehicle to offer or provide a TNC prearranged trip to transportation network company passengers upon connection through a digital network controlled by a transportation network company in exchange for compensation or payment of a fee.

5. "Transportation network company passenger" or "passenger" means a person or persons who use a transportation network company's digital network to connect with a transportation network company driver who provides TNC prearranged trips to the passenger in the TNC vehicle between points chosen by the passenger.

6. (a) """TNC prearranged trip" or "trip" means the provision of a transportation by a transportation by a transportation network company driver to a passenger provided through the use of TNC's digital network:

[* 3]

(i)     Beginning when a transportation network company driver accepts a passenger's request for a trip through a digital network controlled by a transportation network company;

(ii)     Continuing while the transportation network company driver transports the requesting passenger in a TNC vehicle; and

(iii)     Ending when the last requesting passenger departs from the TNC vehicle.

Petitioner argues the policy definition of a "TNC vehicle" expressly "shall not include "for-hire" vehicle as defined in the New York City Administrative Code §19-502. Section 19-502 defines a "for-hire" vehicle as a "motor vehicle carrying passengers for hire in the city of New York. Petitioner further argues that the subject vehicle was carrying passenger Callahan for hire and not as a TNC prearranged trip and/or service and that no coverage ever existed for the non-TNC, for hire vehicle. Finally, petitioner asserts that because the terms of the insuring agreement or policy were never satisfied "the insurance policy does not contemplate coverage in the first instance." *Worcester Ins. Co. v. Bettenhauser*, 712 N.Y.S.2d 433 (2000).

The Court in order to determine whether Progressive has liability obligation to the respondent Callahan under its policy within Lyft, the Court must examine the terms of the policy as well as statutory restrictions and preclusions.

CPLR §7503(c) provides a mechanism whereby a party seeking to initiate arbitration by a demand may shift to his opponent the burden to promptly seek a judicial stay of arbitration on the basis of the threshold defense of non-arbitrability. *See* Siegel, 5th edition op cite §592 at 1076. The statute provides that once the "demand" for arbitration is served "unless the party served applies to stay the arbitration within twenty days after such service he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with…"

Here, assuming coverage by Progressive, its disclaimer by reason of exclusion under the policy was months beyond the twenty days to apply for a stay of arbitrations. *Markevics v. Liberty Mut. Ins. Co.*, 97 N.Y.2d 646 (1999).

However, petitioner Progressive asserts that there was no SUM coverage for Mr. Hossain's vehicle because the vehicle was not a TNC vehicle by definition within its policy.

In *Singh v. City of New York*, 2023 WL3098734, 2023 N.Y. Slip Op. 0214 (Decided April 27, 2023) the New York Court of Appeals examined the relationship of the Taxi and Limousine Commission (TLC) and smartphone applicated-based competitors like Lyft inc. (Lyft) and Uber Technologies Inc. (Uber). The Singh Court stated that the TLC regulates and supervises taxicabs and other for hire vehicle in the city including yellow taxis and "black cars." *Citing* N.Y. City Charter §2303[a]. Yellow taxis are the only for hire vehicles permitted "to accept hails from passenger in the street" *citing* Administrative Code of City of New York §19-504[a][1]. However, black cars are prohibited from accepting street hails but may only accept passenger on the basis of phone contact or other prearrangements (*see* Administrative Code of City of New York §§19-

502[U], 19-507 [a][4], 19-516 [a]. Uber and Lyft allow passengers in the city and other arrears to prearrange for hire transportation through applications or the smart phones. The Court of Appeals noted "TLC determined that the use of smartphone apps to arrange transportation fit within its existing regulatory definition of a prearrangement, making such vehicles black cars for regulatory purposes."

The Court heard the testimony of Progressive's only witness, senior claims specialist Stephen Silvas who acknowledged that Progressive's petition was filed more than 20 days after receipt of the demand for arbitration contrary to CPLR §7503(c). However, no testimony was offered to establish that Progressive did not provide initial coverage to respondent for his SUM claim. While Progressive alleged in its pleadings a 3:36 a.m. commencement time and origin of respondent's trip, no testimony or documentary evidence was offered to show that the trip was not prearranged through TNC network or that the vehicle was a hailed for hire vehicle rather than a TNC vehicle. *See* VTL §1697.

The Court notes that VTL §1692 (1) does provide in part that "neither a TNC nor a TNC driver shall be deemed to provide taxicab or for hire vehicle service while operating as a TNC or TNC driver pursuant to this article" but that the article does not apply to cities with a population of one million or more. However, §1692 (7) does require that TNC prevents the driver from accepting TNC prearranged trips within a city of a million or more people.

No evidence was offered that the trip was not a TNC prearranged trip that originated "within the State of New York" as defined by §1691 (1), or if prearranged that Progressive denied services to respondent via its TNC as a precluded passenger for hire or that progressive timely sought exclusion under its policy.

The Court finds that Progressive has not established that the vehicle occupied by respondent and operated by Hossain was not a TNC vehicle or was being operated to carry hailed passengers for hire or that coverage did not exist in the first place. Nor has Progressive timely asserted the threshold defense of exclusion under its policy as a provided remedy for timely determined improper use of a TNC vehicle.

Accordingly, petitioner's application to permanently stay the arbitration demanded by the respondent for Sum coverage is denied. The matter may proceed to arbitration after discovery provided in Progressive/Petitioner policy. The petition is dismissed.

The is the decision and order of this Court.

Dated: 5/19/2023

Hon. Ulysses B. Leverett, J.S.C.

**Hon. Ulysses B. Leverett**

5

[* 5]