Ahmed v Inc. Vil. of Scarsdale (2025 NY Slip Op 06980)

Ahmed v Inc. Vil. of Scarsdale

2025 NY Slip Op 06980

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-05596
 (Index No. 59164/21)

[*1]Mohamed Ahmed, appellant, 
vInc. Village of Scarsdale, et al., respondents.

McLaughlin & Stern, LLP, Garden City, NY (Christian Browne of counsel), for appellant.
McCullough, Goldberger & Staudt, LLP, White Plains, NY (Michael A. Zamat and Robert W. Cushing of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated June 30, 2022. The order denied the plaintiff's motion for summary judgment, in effect, declaring that a determination of the Board of Architectural Review of the Inc. Village of Scarsdale denying a certain building permit application is an illegal action and ultra vires and that Chapter 18 of the Code of the Village of Scarsdale is unenforceable and null and void, and granted the defendants' cross-motion for summary judgment dismissing the complaint and, in effect, declaring that Chapter 18 of the Code of the Village of Scarsdale is enforceable and is not null and void or unconstitutionally vague.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, making an appropriate declaration in accordance herewith.
In April 2021, the plaintiff submitted a building permit application to the Village of Scarsdale Department of Buildings (hereinafter the Buildings Department) seeking permission to renovate his residence. Pursuant to Code of the Village of Scarsdale (hereinafter Village Code) § 18-10(A)(1)(b), the Buildings Department referred the application to the Board of Architectural Review of the Inc. Village of Scarsdale (hereinafter the BAR). The BAR held a public meeting regarding the plaintiff's application, at the conclusion of which the BAR voted to deny the application. The plaintiff did not appeal the BAR's determination denying his application pursuant to Village Code § 18-19, nor did he commence a CPLR article 78 proceeding to review the determination. Thereafter, the plaintiff submitted a second building permit application for renovations to his residence, which was approved in October 2021.
The plaintiff commenced this action against the defendants, Inc. Village of Scarsdale, the Board of Trustees of the Village, and the BAR, inter alia, for a judgment declaring that the BAR's denial of the plaintiff's first building permit application is an illegal action and ultra vires and that Chapter 18 of the Village Code (hereinafter the BAR ordinance) is unenforceable, null and void, or unconstitutionally vague. In October 2021, the plaintiff moved for summary judgment, in effect, declaring that the BAR's determination denying the plaintiff's first building permit application is an [*2]illegal action and ultra vires and that the BAR ordinance is unenforceable and null and void. The defendants cross-moved for summary judgment dismissing the complaint and, in effect, declaring that the BAR ordinance is enforceable and is not null and void or unconstitutionally vague. In an order dated June 30, 2022, the Supreme Court denied the plaintiff's motion and granted the defendants' cross-motion. The plaintiff appeals.
The Village Code authorizes the BAR to deny an application for a building permit where a proposed structure would bear a "[m]onotonous similarity" or a "[s]triking dissimilarity" to surrounding structures, or would display "[v]isual offensiveness or other poor qualities of exterior design" (Village Code § 18-15[A]-[C]).
Since the BAR had the authority to review its determination denying the plaintiff's first building permit application and make formal findings of fact, the plaintiff was required to challenge that determination before the BAR in order to exhaust his administrative remedies (see Watergate II Apartments v Buffalo Sewer Auth., 46 NY2d 52, 57; Matter of O'Malley v Town of New Windsor Planning Bd., 227 AD3d 808, 810). In addition, the plaintiff's challenge to the BAR's determination denying his first building permit application was rendered academic by the BAR's approval of his second building permit application (see Berger v Prospect Park Residence, LLC, 166 AD3d 937, 938). Accordingly, the Supreme Court properly granted that branch of the defendants' cross-motion which was for summary judgment dismissing the first cause of action, for a judgment declaring that the BAR's determination denying the plaintiff's first building permit application is an illegal action and ultra vires, as academic and for failure to exhaust administrative remedies. For the same reasons, the court properly denied that branch of the plaintiff's motion which was for summary judgment on that cause of action.
However, the second cause of action, for a judgment declaring that the BAR ordinance is unenforceable, presents a facial challenge to the constitutionality of the BAR ordinance, which does not require resolution of factual issues at the administrative level and falls within the exceptions to the exhaustion of remedies and mootness doctrines (see Matter of Marxuach v New York State Dept. of Corr. & Community Supervision, 214 AD3d 873, 874; Matter of Gershow Recycling of Riverhead, Inc. v Town of Riverhead, 193 AD3d 731, 731; Town of Oyster Bay v Kirkland, 81 AD3d 812, 815).
"It is well settled that aesthetics is a valid subject for the legislative exercise of the police power" (Village of Hempstead v SRA Realty Corp., 208 AD2d 713, 713; see Members of City Council of City of Los Angeles v Taxpayers for Vincent, 466 US 789, 805; Matter of Cromwell v Ferrier, 19 NY2d 263, 272; People v Stover, 12 NY2d 462) "and that the constitutionality of a municipal ordinance is presumed" (Village of Hempstead v SRA Realty Corp., 208 AD2d at 713; see Lighthouse Shores v Town of Islip, 41 NY2d 7, 11). However, "the exercise of a municipality's police power cannot be arbitrary or unreasonable, and must be reasonably related to the health, comfort, safety, and welfare of the community" (Village of Hempstead v SRA Realty Corp., 208 AD2d at 713; see Matter of Route 22 Props. v Town Bd. of Town of Southeast, 2 AD3d 449, 449). Here, the BAR ordinance was properly promulgated in the exercise of the Village's police power. Similar to signs (see Suffolk Outdoor Adv. Co. v Hulse, 43 NY2d 483, 489; People v Goodman, 31 NY2d 262, 265) and mobile trailers (see Matter of Suddell v Zoning Bd. of Appeals of Vil. of Larchmont, 36 NY2d 312), the designs of building exteriors may be "egregious examples of ugliness, distraction, and deterioration," especially if those structures are so starkly similar to or different from other surrounding structures (Matter of Cromwell v Ferrier, 19 NY2d at 272). In addition, the BAR ordinance regulates the aesthetics of buildings in a manner that is not arbitrary or unreasonable (see id.) and is reasonably related to the objective for which it was enacted, which is to "preserve and promote the character and appearances and conserve the property values of the village" (Village Code § 18-1; see Suffolk Outdoor Adv. Co. v Hulse, 43 NY2d at 489). Accordingly, the Supreme Court properly granted that branch of the defendants' cross-motion which was for summary judgment with respect to the second cause of action and properly denied that branch of the plaintiff's motion which was for summary judgment on that cause of action.
As for the third cause of action, for a judgment declaring that the appellate procedures [*3]of the BAR ordinance are unenforceable, in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law with respect to that cause of action, the plaintiff failed to demonstrate that the BAR ordinance's appellate procedures were improper or unconstitutional or otherwise raise a triable issue of fact, as the determinations of the BAR may be challenged in a proceeding pursuant to CPLR article 78 (see Laffey Fine Homes of N.Y., LLC v 7 Cowpath, LLC, 210 AD3d 974, 975). The plaintiff's remaining contentions with regard to the third cause of action are academic, as their resolution would have no practical effect upon him (see Berger v Prospect Park Residence, LLC, 166 AD3d at 938). Thus, the Supreme Court properly granted that branch of the defendants' cross-motion which was for summary judgment, in effect, with respect to the third cause of action.
The Supreme Court also properly granted that branch of the defendants' cross-motion which was for summary judgment, in effect, with respect to the fourth cause of action, for a judgment declaring that the BAR ordinance is unconstitutionally vague. Legislative enactments "are entitled to an 'exceedingly strong presumption of constitutionality'" (Infinite Green, Inc. v Town of Babylon, 201 AD3d 892, 893, quoting Lighthouse Shores v Town of Islip, 41 NY2d at 11). Local municipal ordinances "are 'cloaked with the same strong presumption of constitutionality as a statute'" (id. at 894 [internal quotation marks omitted], quoting Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d 838, 841). Although this presumption is rebuttable, "unconstitutionality must be demonstrated beyond a reasonable doubt and only as a last resort should courts strike down legislation on the ground of unconstitutionality" (Lighthouse Shores v Town of Islip, 41 NY2d at 11). When making a facial challenge to an ordinance, "'the [complaining party] must carry the heavy burden of showing that the statute is impermissibly vague in all of its applications'" (Matter of Independent Ins. Agents & Brokers of N.Y., Inc. v New York State Dept. of Fin. Servs., 39 NY3d 56, 64-65, quoting People v Stuart, 100 NY2d 412, 421). A statute or ordinance is impermissibly vague "'if it fails to provide a person of ordinary intelligence with a reasonable opportunity to know what is prohibited, and it is written in a manner that permits or encourages arbitrary or discriminatory enforcement'" (id. at 63-64, quoting Ulster Home Care v Vacco, 96 NY2d 505, 509). Here, as a matter of law, the BAR ordinance is not, on its face, impermissibly vague, as it lays out clear guidelines that are sufficiently definite so as to give a person of ordinary intelligence fair notice of what would and would not be allowed and also provides clear standards for enforcement officials to make determinations without arbitrary and discriminatory application (see Village Code § 18-15[A]; Matter of Independent Ins. Agents & Brokers of N.Y., Inc. v New York State Dept. of Fin. Servs., 39 NY3d at 64).
In the context of land use, 42 USC § 1983 "'protects against municipal actions that violate a property owner's rights to due process'" (Hilburg v New York State Dept. of Transp., 138 AD3d 1062, 1064, quoting Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 626). However, civil rights claims "are not justiciable until the municipality has arrived at a definitive position on the issue that inflicts an actual, concrete injury" (Matter of Lewis Homes of N.Y., Inc. v Board of Site Plan Review of Town of Smithtown, 212 AD3d 727, 728 [internal quotation marks omitted]; see Loskot-D'Souza v Town of Babylon, 137 AD3d 751, 752). Here, the Supreme Court properly granted that branch of the defendants' cross-motion which was for summary judgment dismissing the fifth cause of action, challenging the BAR ordinance pursuant to 42 USC § 1983, because no final determination has been rendered and, accepting the factual allegations in the complaint as true, they do not demonstrate that it would have been futile for the plaintiff to continue the application process (see Matter of Lewis Homes of N.Y., Inc. v Board of Site Plan Review of Town of Smithtown, 212 AD3d at 728; Loskot-D'Souza v Town of Babylon, 137 AD3d at 752-753).
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the BAR ordinance is enforceable and is not null and void or unconstitutionally vague (see Lanza v Wagner, 11 NY2d 317, 334).
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court